**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMERISURE INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:07-cv-1380-Orl-KRS**

**TRANSCONTINENTAL INSURANCE**
**COMPANY, VALLEY FORGE**
**INSURANCE COMPANY,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, AMERISURE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST TRANSCONTINENTAL INSURANCE COMPANY AND VALLEY FORGE INSURANCE COMPANY (Doc. No. 5)** |
| **FILED:** | **September 5, 2007** |

Plaintiff Amerisure Insurance Company (Amerisure) filed an amended crossclaim against Defendants Transcontinental Insurance Company and Valley Forge Insurance Company (collectively the CNA companies) alleging breach of a written agreement dated January 12, 2005, under which the CNA companies agreed to pay 50% of defense costs, including attorneys' fees, tendered by Amerisure in defense of Amerisure and the CNA companies' insured, Roger Kennedy Construction, Inc. Doc. No. 2. Amerisure now seeks summary judgment based on two oral contracts. Amerisure has not

sought leave to amend its amended crossclaim to allege breach of oral contracts rather than a written contract. The CNA companies continue to assert that there was no written agreement, but they have not moved for summary judgment on that issue or otherwise asserted the prejudice they have suffered by Amerisure's change in its cause of action at the close of the litigation.

"District courts unquestionably possess the power to trigger summary judgment on their own initiative." *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997). Because the question of whether Amerisure should be permitted to proceed on a cause of action arising out of breach of oral contracts despite having pleaded only breach of a written agreement is a matter of law, it is appropriate to resolve it before considering the pending motion for partial summary judgment based on the alleged oral contracts.

Accordingly, the parties are hereby advised that I will consider whether summary judgment should be granted in favor of the CNA companies based on the absence of evidence of a written agreement, which is the only remaining cause of action pleaded in the amended crossclaim. It is **ORDERED** that the CNA companies shall file and serve a memorandum of law and evidence, if any is needed, in the form required by Federal Rule of Civil Procedure 56 in support of summary judgment on this issue on or before January 25, 2008. It is further **ORDERED** that Amerisure shall file and serve a response to the CNA companies' memorandum of law and evidence, if any is needed, in the form required by Rule 56 on or before February 15, 2008.

Before additional attorneys' fees and costs are incurred in this additional briefing, it is appropriate to require the parties to return to mediation in a good faith attempt to resolve the remaining issue. Accordingly, it is further **ORDERED** that Amerisure and the CNA companies shall

participate in mediation of the remaining issues, which mediation should be conducted on or before January 21, 2008. Counsel and the parties are cautioned that if the case is not resolved, the expenses incurred in the resumed mediation may be taxed against the losing party at the end of the litigation. *See* Local Rule 9.02(f)(permitting the Court to alter the method in which the cost of the mediator's services should be paid).

**DONE** and **ORDERED** in Orlando, Florida on December 26, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties